Filed 11/19/21  Johnson v. Brim CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MICHELLE A. JOHNSON, Plaintiff and Respondent, v. RONNISHA L. BRIM, Defendant and Appellant. | B307921 (Los Angeles County Super. Ct. No. 20TRRO00274) |

APPEAL from an order of the Superior Court of Los Angeles County.  Charles Q. Clay III, Judge.  Affirmed.

Ronnisha L. Brim, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Plaintiff and respondent Michelle Johnson (plaintiff) obtained a three-year civil harassment protective order against defendant and appellant Ronnisha Brim (Brim). Brim appeals, arguing that the order is not supported by substantial evidence. We conclude there was sufficient evidence and affirm.

**FACTUAL AND PROCEDURAL HISTORY**

## I.    Facts

Brim is married to plaintiff's ex-boyfriend Edward Harrison, the father of plaintiff's one-year-old son.  In early April 2020, plaintiff was letting Harrison stay at her home after Brim "put him out."  On April 10, 2020, Brim broke the windows and sliced the tire of Harrison's car where it was parked around the corner from plaintiff's building.  Plaintiff drove Harrison to work that night for his graveyard shift at Home Depot, and Brim picked him up in the morning and drove him back to retrieve his vehicle.

When Brim and Harrison arrived back at his car on the morning of April 11, 2020, plaintiff came outside and asked Harrison for child support money he owed her.  Brim kept "yapping" at plaintiff during this exchange, telling her, "You're mad.  You're mad."  Plaintiff told them to go to an ATM so Harrison could get her money.  Brim and Harrison left in Brim's car, then returned.  As plaintiff approached Brim's car to see if they had her money, two other cars pulled up and a group of people who identified themselves as Brim's cousins got out, stating that Brim had called them for assistance.

Brim yelled and cursed at plaintiff, saying plaintiff was mad because Brim took her " 'baby daddy' " away, then "jumped on" her, along with the cousins.  First Brim ran up and "socked" plaintiff in the left eye with a closed fist, then the rest of the

2

group joined in until plaintiff's mother managed to break it up. Plaintiff got a black eye and her whole body was sore for a few days after.

## II. Procedural Background

On April 21, 2020, plaintiff filed a petition for a civil harassment restraining order. The trial court issued a temporary restraining order and held an evidentiary hearing on August 25, 2020. Plaintiff testified to the facts set forth above.

The trial court found plaintiff's account of events credible and issued a three-year civil harassment order requiring Brim not to harass or intimidate plaintiff, her children, or her mother, and to stay 100 yards away from plaintiff, her children, and her mother at all times.

Brim timely appealed. No respondent's brief was filed.

## DISCUSSION

Brim argues that the civil harassment protective order is not supported by sufficient evidence.

A trial court may issue a civil harassment protective order upon a finding, by clear and convincing evidence, of "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." (Code Civ. Proc., § 527.6, subds. (a)(1), (b)(3) & (i).) We review the trial court's grant of a civil harassment protective order under Code of Civil Procedure section 527.6 for substantial evidence. (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188.) "In assessing whether substantial evidence supports the requisite elements of willful harassment, as defined in Code of Civil Procedure section 527.6, we review the evidence before the trial court in accordance with the customary rules of appellate

3

review.  We resolve all factual conflicts and questions of credibility in favor the prevailing party and indulge in all legitimate and reasonable inferences to uphold the finding of the trial court if it is supported by substantial evidence which is reasonable, credible and of solid value."  (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.)

Substantial evidence supports the trial court's ruling in this case.  According to plaintiff, whose testimony we must accept, Brim cursed and yelled at her, ran up and hit her in the eye, and incited her cousins to join in on "jumping" plaintiff.  This constitutes "unlawful violence" toward plaintiff that "seriously alarm[ed], annoy[ed], or harasse[d] [her], and that serve[d] no legitimate purpose."  (Code Civ. Proc., § 527.6, subd. (b)(3).)

Brim contends that plaintiff was lying and no fight ever occurred between them.  At the hearing, Brim denied jumping on plaintiff or that anyone else besides she and Harrison were there.  However, as noted, it is not our place to reweigh the evidence or the credibility of the parties—we must resolve all factual and credibility questions in favor of plaintiff.

Brim also claims on appeal, without explication, that she "never was served."  As the order notes, because she attended the hearing, no other proof of service of the three-year protective order is needed, and the trial court expressly confirmed her address with her at the hearing to mail a copy of the order.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

ASHMANN-GERST, J.

HOFFSTADT, J.